Filed 9/7/16  P. v. Beebe CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079966 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042871) |
| v. | |
| JOHN FLOYD BEEBE, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant John Floyd Beebe, Jr., has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

1

## BACKGROUND

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

On April 13, 2015, Meta Dorfman was at her mother's house when defendant walked in and said someone named Michael told him he could "crash there." Dorfman told defendant to leave, and he did. A few hours later, Dorfman discovered her checkbook was missing from her car and she called the police. Two days later, defendant unsuccessfully tried to cash a check belonging to Dorfman at a check cashing business. The employee called the police, who found two other checks belonging to Dorfman, one on defendant and another in his car.

Defendant pleaded no contest to felony identity theft. (Count 1; Pen. Code, § 530.5, subd. (a).)[1] Defendant also admitted he had served a prior prison term. (§ 667.5, subd. (b).) Pursuant to the plea agreement, the trial court struck his six prior strike allegations pursuant to section 1385, subdivision (c). (§§ 667, subds. (b)-(i), 1170.12, 1385, subd. (c).)

The trial court sentenced defendant to the upper term of three years in prison plus one year for the prior prison term, with 205 days of presentence custody credit. (§§ 1170, subd. (h), 667.5, subd. (b).) The court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding parole revocation fine suspended unless parole is revoked (§ 1202.45), and various fines, fees, and penalty assessments totaling $850. The court reserved jurisdiction to determine restitution.

---

[1] Further undesignated statutory references are to the Penal Code.

**DISCUSSION**

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and asks us to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.

 

 

 

 

                                                  /s/
                                               Duarte, J.

 

 

We concur:

 

 

/s/
Nicholson, Acting P. J.

 

 

/s/
Renner, J.

3